UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-04-82-B-W |
| | ) | |
| CHRISTOPHER REEKS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON GOVERNMENT'S MOTION TO CONTINUE SUPERVISED RELEASE PROCEEDINGS**

Having filed a petition to revoke supervised release, the Government moves to continue Christopher Reeks' sentencing hearing until after the state court has sentenced Mr. Reeks on pending state charges arising out of the same incident. Mr. Reeks is in state, not federal custody and does not have a right to a prompt revocation hearing. Nevertheless, assuming this Court can continue the federal sentencing to a date beyond the state sentencing, this Court in its discretion, declines to do so. Federal-state comity and the need to avoid placing a judicial imprimatur over an overtly strategic, non-substantive motion, convince this Court to schedule federal sentencing in the ordinary course.

**I. Statement of Facts**

On August 30, 2005, this Court ordered Christopher Reeks to serve a three-year period of supervised release for the offense of possession of a firearm by a prohibited person. *Judgment* (Docket # 23). Earlier this year, the state of Maine arrested Mr. Reeks, charged him with new criminal conduct, and has retained custody of him. On February 7, 2006, the Government petitioned this Court to revoke his supervised release, based in part on allegations that he had violated its terms and conditions by engaging in the same new criminal conduct that formed the

basis of the state charges. *Pet. on Supervised Release* (Docket # 25). At the behest of the Defendant, this Court set the Government's Petition for hearing on May 22, 2006. (Docket #s 28, 29).

Just before the hearing, the Government moved to continue on the ground that Mr. Reeks was about to be sentenced for state crimes comprising the same conduct underlying the petition for revocation. *Mot. to Continue Supervised Release Proceedings* (Docket # 33). The Government represented that Mr. Reeks had reached an agreement with an Assistant District Attorney by which the parties agreed to recommend to the state judge that any state sentence run concurrently with any federal sentence on the revocation. The Government urged a delay in any federal sentence so that this Court could consider the state sentence in determining the extent to which its sentence on the revocation should be concurrent with or consecutive to the state sentence. Mr. Reeks vociferously objected, arguing that this Court did not have the authority to continue a sentencing hearing, that he had the right to a prompt sentence on the revocation petition, that this Court did not have the authority to impose a consecutive sentence on a yet to be imposed state sentence, and that policy considerations dictate that this Court should not delay the orderly disposition of the revocation petition in order to impact the combined effect of the state and federal sentences. After conference of counsel, the Court continued the May 22, 2006 hearing and allowed the parties to brief the question of whether the hearing on the revocation petition should be continued until after the disposition of the state charges.

**II. Discussion**

Although framed as discreet legal issues, the controversy between the Government and Mr. Reeks centers around whether he is more or less likely to face additional federal time in jail because of the timing of the state and federal sentencings. Due to the nature of the state charges,

the parties agree that Mr. Reeks will likely face substantially more time on the pending state charges than on the pending federal revocation petition.[1] However, if the Government is correct and Mr. Reeks has received a commitment from the Maine Assistant District Attorney to recommend to the state judge that the state sentence be entirely concurrent with the federal sentence, the state sentence would swallow the federal sentence.[2] To effect this arrangement, Mr. Reeks much prefers that this Court impose the federal sentence so that the state judge can place an imprimatur on this agreement. By contrast, the Government wishes to have Mr. Reeks sentenced first on the state charges so that when he appears for sentencing in federal court, this Court can impose a wholly consecutive, partially consecutive, or wholly concurrent federal sentence, based on its knowledge of the combined impact of both sentences.

Underlying the question of timing are the perceptions that if the state judge imposes a sentence first, the federal judge is more likely to impose some consecutive portion of the revocation sentence in accordance with Sentencing Commission policy, but if the state judge imposes a sentence second, the state judge is less likely to make any portion of the state sentence consecutive to the federal sentence, particularly if the state prosecutor and defense counsel recommend against it.

**A.  The Right to a Speedy Revocation Hearing**

In support of his objection to the Government's motion to continue, Mr. Reeks claims he has a right to a speedy revocation hearing. *See Def.'s Reply Mem.* at 1 (Docket # 38). Because Mr.

---

[1] The petition alleges that Mr. Reeks has been charged by the state of Maine with Elevated Aggravated Assault, a Class A felony, and Aggravated Assault, a Class B felony. Under Maine law, a Class A felony subjects a defendant to a definite period of time not to exceed thirty years and a Class B felony subjects him to a definite period of time not to exceed ten years. 17-A M.R.S.A. § 1252(2)(A), (B). The petition for revocation alleges a Grade A violation, which would subject him, depending on his criminal history category, to a maximum range of 33-41 months. U.S.S.G. § 7B1.4(a). However, as the statutorily authorized maximum term of imprisonment upon revocation is 24 months (pursuant to 18 U.S.C. § 3583(e)(3)), Mr. Reeks could serve no more than two years in jail. *See* U.S.S.G. § 7B1.4(b).

[2] Mr. Reeks did not deny this arrangement with the state prosecutor, but pointed out that there is no guarantee the state court will accede to the parties' recommendations.

Reeks was taken into state custody and remains there, his argument is plainly incorrect. Rule 32.1's timeliness requirements do not obtain until the defendant is in federal custody.[3] *United States v. Chaklader*, 987 F.2d 75, 77 (1st Cir. 1993). *See also United States v. Scott,* No. 98-1191, 1999 U.S. App. LEXIS 14623, *6 (2d Cir. June 29, 1999)(noting that the "point of the rule is to prevent people from being held indefinitely on mere allegations of supervised release violations"). Moreover, under *Chaklader*, he does not have a constitutional right to an adversarial hearing until "until he is taken into custody as a parole violator…."[4] *Id.* (citing *Moody v. Daggett,* 429 U.S. 78, 89 (1976)). To the extent he has a right to a speedy revocation hearing, it does not become effective until he is in federal custody.

### B. Whether This Court Has the Authority to Order That a Federal Sentence Run Consecutively to a State Sentence That Has Not Yet Been Imposed

One unresolved question is whether the timing of the state and federal sentencings matters. Either way, one court will be required to sentence Mr. Reeks before the imposition of the other sentence and just as the earlier sentencing court must impose its sentence without knowledge of the later sentence, the later sentencing court may (if it chooses) take into account the earlier sentence. But, if this Court is the earlier sentencing court, it may not have the authority to require its sentence be served consecutively to a yet to be imposed state sentence.

The statutory provision that addresses multiple sentences of imprisonment is 18 U.S.C. § 3584(a):

---

[3] Fed. R. Crim. P. 32.1(b)(1)(A) provides:
> If a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred…

If probable cause is found, the judge must conduct a revocation hearing. Fed. R. Crim. P. 32.1(b)(2) provides:
> Unless waived by the person, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction…

[4] Although *Chaklader* concerned parole, not supervised release, this is a distinction without a difference for present purposes. *See United States v. Rondeau*, 430 F.3d 44, 47 (1st Cir. 2005); *United States v. Taveras*, 380 F.3d 532, 536 (1st Cir. 2004).

> (a) Imposition of concurrent or consecutive terms.  If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt…

*Id.*  Because the federal and state sentences are not going to be imposed "at the same time" and because he is not "already subject to an undischarged term of imprisonment", some courts have held that the statute does not permit a federal court to impose a consecutive sentence on a yet to be imposed state sentence.[5]  The genesis of this controversy may be traced to at least 1985, when in *United States v. Eastman*, 758 F.2d 1315 (9th Cir. 1985), the Ninth Circuit raised the question.  *See Salley v. United States*, 786 F.2d 546, 548-50 (2d Cir. 1986)(Newman, J., concurring).  Because California state law created a presumption of concurrent sentences, *Eastman* expressed comity concerns between federal and state jurisdictions, if the federal court imposed a sentence consecutive to the unimposed state sentence.  758 F.2d at 1318.  Even though *Eastman* and *Salley* predated the enactment of 18 U.S.C. § 3584,[6] subsequent case law has addressed both statutory construction and policy considerations.

In 1991, based on "the limited authority conferred by § 3584(a) and the continued vitality of our reasoning in *Eastman*", the Ninth Circuit again ruled that "a federal district court does not have the authority to direct that a federal sentence be served consecutive to a state sentence not yet imposed."  *United States v. Clayton*, 927 F.2d 491, 493 (9th Cir. 1991).  *Clayton* reiterated the concern about "the infringement of state and defendant rights…."  *Id.* at 493.  The Sixth and

---

[5] The state statute may raise the same question.  Under 17-A M.R.S.A. § 1256(2), the Maine sentencing court must state "whether a sentence shall be served concurrently with or consecutively to any other sentence <u>previously imposed</u> or to <u>another sentence imposed on the same date</u>."  *Id.* (emphasis supplied).
[6] *See Salley*, 786 F.2d at 550 n.3 (Newman, J., concurring)(noting that the effective date of the Comprehensive Crime Control Act of 1984 was November 1, 1987).

Seventh Circuits later joined the Ninth.  *See United States v. Quintero*, 157 F.3d 1038, 1039-41 (6th Cir. 1998); *Romandine v. United States*, 206 F.3d 731, 737-39 (7th Cir. 2000).[7]

The Fifth, Eighth, Tenth and Eleventh Circuits have ruled otherwise.  *See United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000)(citing *United States v. Brown,* 920 F.2d 1212, 1217 (5th Cir. 1991)); *United States v. Sumlin*, 317 F.3d 780, 782 (8th Cir. 2003)(citing *United States v. Mayotte*, 249 F.3d 797, 799 (8th Cir. 2001)); *United States v. Williams*, 46 F.3d 57, 58-59 (10th Cir. 1995); *United States v. Ballard*, 6 F.3d 1502, 1510 (11th Cir. 1993).[8]  *See also Note: The Sentences That Bind (The States)*, 103 Colum. L. Rev. 969 (2003).[9]  There is no First Circuit case directly on point.[10]  In the context of this case, it is not necessary to resolve this issue; nevertheless, the courts' discussions of comity illuminate this Court's evaluation of the same concerns here.

### C. Whether This Court Should Grant Mr. Reeks a Hearing and Impose Sentence Before the Imposition of the State Sentence

#### 1. The Federal Interest

---

[7] In *Romandine*, Judge Easterbrook describes the controversy as "illusory", because the last sentence of § 3584(a) makes the federal sentence "presumptively consecutive in all unprovided-for cases, and the effective decision then is made by the Attorney General (or the state judge) rather than the federal judge." *Romandine*, 206 F.3d at 738.

[8] The Second Circuit has not spoken on the precise issue.  *Salley* favored the majority view, *see* 786 F.2d at 547-48, but predated the enactment of § 3584(a).  The Second Circuit has since emphasized that it has not addressed the question under the current statute.  *See Abdul-Malik v. Hawk-Sawyer,* 403 F.3d 72, 74-75 n.2 (2d Cir. 2005); *McCarthy v. Doe,* 146 F.3d 118, 120-21 (2d Cir. 1998).

[9] In *United States v. Cuthbert*, Civ. No. 06-33, 2006 U.S. Dist. LEXIS 3855 (E.D. Pa. Jan. 31, 2006), Judge Surrick, while noting that the Third Circuit had not addressed the issue, found the majority view more persuasive.  *Id.* at *5-*7 (citations omitted).

[10] At conference, this Court pointed out *United States v. Gondek*, 65 F.3d 1 (1st Cir. 1995) and its reference to language in the commentary to U.S.S.G. § 5G1.3 about the need to impose a "reasonable incremental punishment", when there is an undischarged term of imprisonment.  *Id.* at 2.  In his memorandum, Mr. Reeks noted that in *United States v. Crudup*, 375 F.3d 5 (1st Cir. 2004), the First Circuit "essentially overruled" *Gondek. Def.'s Mem. Discussing Continuation of Hearing to Take Def.'s Plea on Violation of Supervised Release* at 1-2 (Docket # 36).  While Mr. Reeks is certainly correct that, in view of amendments to § 5G1.3, the First Circuit in *Crudup* overruled *Gondek* on whether the district court retains discretion to impose concurrent or consecutive sentences, to the extent he is arguing that *Crudup* reflects a view that sentences on underlying offenses and revocations should be concurrent, he is incorrect.  To the contrary, *Crudup* reiterates that it is the Commission policy to impose "the sentence for the instant offense…consecutively to the sentence imposed for the revocation…." *Crudup*, 375 F.3d at 7-8 (quoting U.S.S.G. § 5G1.3 app. note 3(C)).

What is the federal interest? The Sentencing Guidelines state that as a matter of policy "the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation." U.S.S.G. Ch. 7, Pt. B., introductory comment.[11] *United States v. Flowers*, 13 F.3d 395, 397 (11th Cir. 1994). If this Court sentences first, it will have no means to enforce the federal policy that at least some "reasonable incremental punishment" should attend the violation of the terms of supervised release. *United States v. Gondek*, 65 F.3d 1, 2 (1st Cir. 1995).[12] Further, it seems unarguable that the amount of time a defendant spends in prison should not depend upon the fortuity of the order of his federal and state sentencings. *See United States v. Glasener*, 981 F.2d 973, 975 (8th Cir. 1992)("The mere order in which the sentences were imposed does not alter the result that is required….").

### 2. Practical Considerations

Against this federal policy are significant concerns. The practical fact is that the first court to impose its sentence will do so without knowing the specifics of the later sentence. Here, for

---

[11] U.S.S.G. § 5G1.3(c) reads:
> (c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

*Id.* Application note 3(C) notes that this subsection:
> [A]pplies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked. Consistent with the policy set forth in Application Note 4 and subsection (f) of § 7B1.3 (Revocation of Probation or Supervised Release), the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation.

*Id.* U.S.S.G. § 7B1.3(f) reads:
> (f) Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

*Id.*

[12] *Gondek* cited a former version of the Federal Sentencing Guidelines for the phrase "reasonable incremental punishment" – the current version now reads just "reasonable punishment". U.S.S.G. § 5G1.3(c). However, the application notes make clear that the phrase should be interpreted the same. *See id.* app. note 3(A)(Application of Subsection (c))("In order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity…").

example, Mr. Reeks' state sentence could fall within a broad range and if this Court sentences first, it cannot know how long he will be incarcerated for his state offenses. Under 18 U.S.C. § 3584(b), this Court is directed, in "determining whether the terms imposed are to be ordered to run concurrently or consecutively," to consider "as to each offense for which a term of imprisonment is being imposed", the factors set forth in 18 U.S.C. § 3553(a). *See also* § 5G1.3 Background note. Whether state incarceration is especially lenient or especially harsh should inform this Court's view of how to structure its revocation sentence to comply with the statutory purposes itemized in § 3553(a).[13]

Further, it is the Government that controls the timing of its petition for revocation. Although it is Sentencing Commission policy that the Probation Office "promptly report to the court any alleged Grade A or B violation" of supervised release, U.S.S.G. § 7B1.2(a), chapter 7 policy statements are advisory, not mandatory and do not necessarily provide a means for relief, if the Government delays. *United States v. Sanchez*, 225 F.3d 172, 177-78 (2d Cir. 2000); *United States v. Lopez*, 985 F. Supp. 59 (D.R.I. 1997). In *Sanchez*, for example, the Probation Office waited for four years after a defendant's conviction for a state drug offense before charging the defendant with violating the terms of his supervised release, but the Second Circuit concluded that absent a showing of prejudice, there was no legal violation from the delay. 225 F.3d at 174, 177-78; *Lopez*, 985 F. Supp. at 62-65 (same result, petition initiated thirty-two months after state conviction). Here, the Government elected to initiate the petition before the state charges were

---

[13] For example, § 3553(a) codifies the so-called parsimony principle, which mandates that the court "impose a sentence sufficient, but not greater than necessary" to comply with statutory sentencing purposes. *See United States v. Jimenez-Beltre*, 440 F.3d 514, 525 n.8 (1st Cir. 2006)(Lipez, J., dissenting)(citations omitted). As noted earlier, Mr. Reeks faces up to thirty years on the Elevated Aggravated Assault and up to two years on the federal revocation charge. If Mr. Reeks were to receive the state statutory maximum, a revocation sentence wholly consecutive to the state sentence would appear less than parsimonious. By contrast, if he receives a two-year state sentence, a federal sentence made wholly concurrent would appear insufficient.

resolved and now seeks to delay its resolution over the objection of the Defendant who seeks to admit the Government's allegations and receive his federal sentence.[14]

### 3. The State Interest: A Question of Comity

Also, there is the sensitive question of this Court's relationship with its state counterpart. As in *Eastman*, the state of Maine maintains a general statutory presumption against consecutive sentencing. 17-A M.R.S.A. § 1256(2); *State v. Shulikov*, 1998 ME 111, ¶ 28, 712 A.2d 504, 512 (citing *State v. Michaud*, 590 A.2d 538, 543 (Me. 1991)). The extent to which, if at all, the state sentencing court should take federal sentencing policy into account is a matter of state law. *See* 17-A M.R.S.A. § 1256(2), (7); *State v. Faulcon*, 2005 ME 119, ¶ 4, 887 A.2d 510, 512 ("[T]he sentencing court's 'discretion can be exercised only if one of the factors listed in section 1256(2) is present.'")(citation omitted). To the extent that the Government's argument is based on the notion that the state court cannot statutorily consider federal sentencing policy in determining whether a portion of the state sentence should be consecutive to the federal sentence, if true, this is an expression of state will, which is entitled to comity. To the extent that the Government's argument is based on the notion that the state court will not accord due weight to the federal sentencing policy, this Court is not prepared to draw any such conclusion. If they are allowed to do so, Maine courts are at least as capable of making reasoned judgments about the impact of previously-imposed federal sentences on their state sentencing decisions as this Court would be in making similar judgments about the impact of previously-imposed state sentences. Finally, to the extent the Government's argument is based on the notion that the state court will enforce the

---

[14] This is not to imply any criticism of the Government's decision to move forward with the petition for revocation. Uncharged criminal violations rarely age well. The Government, of course, retains the discretion as to when to initiate a prosecution and its decision necessarily takes into account many factors, including the availability of witnesses, the need to maintain the effectiveness of supervised release, the obligation to promptly resolve any potential violations of supervised release, the jurisdiction, if any, that has custody of the defendant, whether the defendant has been or may be bailed on the state offense, and a host of other important considerations beyond the ken of this Court. This is only to point out that once the Government makes the decision to prosecute, it is difficult to fault a defendant who wishes to admit the charges and receive and serve his sentence.

state sentencing policy against consecutive sentences and not the federal sentencing policy in favor of them, this highlights the need for comity and discourages this Court from actively interceding by continuing a revocation sentencing in an effort to impose federal policy concerns over state policy considerations.

Here, the Government may be concerned about the agreement the state prosecutor and defense counsel seem to have struck regarding their recommendations to the state court, including the extent to which the federal sentence should be concurrent. However, in cases such as this one, where the gravamen of the petition for revocation is the commission of a state crime, the federal prosecutor has alternative means short of a federal court order to influence the state prosecutor's view of the significance of a federal sentencing policy.

### 4. The Fortuity of Scheduling

This Court's overriding concern is that at its heart the motion to continue reflects the parties' tactical, not substantive positions. Perceiving separate strategic advantages, based on differing federal and state sentencing policies, each party seeks to maneuver the date the federal charge is resolved.[15] Mr. Reeks presses for an early federal sentence; the Government presses for a later one. But, neither party argues that the motion presents any substantive issue that could not be effectively resolved at a promptly-held hearing. As such, the motion seeks this Court's imprimatur on a purely strategic judgment.

It is this Court's conclusion that if a defendant's sentence is to be affected by the fortuity of the scheduling of his sentencing hearing, the scheduling should remain as much a fortuity as possible, not in any event, caused by the Court's active intervention. Although it is technically correct that by denying the motion, this Court could be perceived as siding with Mr. Reeks, to grant the motion would most certainly to be to side with the Government. Instead, by allowing

---

[15] This Court is not suggesting that either party is acting inappropriately in doing so.

the hearing to be scheduled in the ordinary course, the Court is acting as neutrally as the circumstances allow - approving neither party's contentions about whether the federal sentence should or should not be concurrent.[16] This Court will leave for the sentencing hearing what, if anything, it should do in expressing or effectuating federal sentencing policy.

### III. Conclusion

This Court DENIES the Government's motion to continue the revocation hearing (Docket # 33) and ORDERS that the hearing be scheduled in the ordinary course at a time mutually convenient to the parties and this Court.

    /s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 7th day of July, 2006

---

[16] This does not mean this Court is unconcerned about strategic motions that affect substantive rights. But, here, to rule in favor of the Government on the tactical motion would affect the Defendant's substantive rights. If this Court is to issue a ruling that may affect the Defendant's overall sentence, at the very least, this Court will do so at the sentencing hearing, where the issues may be properly aired, not in the context of a motion to continue.